[Civ. No. 12374.   First Dist., Div. One.   Aug. 11, 1943.]

FONG BROS. (a Copartnership), Appellant, v. DR. J. C. GEIGER, as Director of Health, etc., et al., Respondents.

Robert L. Levy for Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Respondents.

WARD, J.—An appeal by petitioner, a copartnership, from an order and judgment of the superior court dismissing its petition for a writ of mandate to compel respondents to issue a permit for the distribution of fluid milk and fluid cream under the provisions of section 486, part II, chapter V, article 9 of the Municipal Code of the city and county of San Francisco. This section provides that a permit must be obtained from the director of public health before there may be offered for sale, exposed for sale, sold or delivered for distribution, sale, use or consumption within the city and county of San Francisco, any milk, etc. In order to procure a permit the applicant must file a written application containing specified information. If the statements made therein are true, and it appears that the applicant does not intend to dispose of unwholesome milk as food for human beings, and that the handling is to be under sanitary conditions and in conformity with certain regulations, the permit must be issued.

The petition herein alleged that an application was filed in the manner prescribed by law for a permit to engage in the distribution of fluid milk and fluid cream, and that the application was refused; "That said refusal is and was arbitrary, capricious and based upon prejudice and bias in that petitioners herein are of Oriental extraction"; that petitioner has not been accorded equal rights under the law with others engaged in the same line of business, which "is an abridgment of constitutional rights"; that it has been engaged in delivery of milk exclusively in the Chinatown district, and that respondents have caused the arrest of one of the members of the copartnership and have harassed petitioner.

An order for an alternative writ was made on the date the petition was filed and the alternative writ thereafter issued. A demurrer filed to the petition was overruled, and subsequently after several continuances the matter was heard on

the order to show cause. Some time after the hearing an answer was filed which admitted and denied certain allegations of the petition, and alleged that ''William Fong, one of the members of said partnership, was arrested on two different occasions, and further alleges that said petitioner, and particularly William Fong was convicted of the offense charged.'' The answer ''further alleges that under the law and ordinances in existence in the city and county of San Francisco, and the State of California, respondent is without authority or right to grant a peddler's license as requested by petitioner, and further alleges that petitioner comes into this court of equity with unclean hands in this, that said petitioner has delivered milk in a falsely labeled truck, and has filled cans of milk from quart bottles, all of which is against the Agricultural Code of the State of California.'' Petitioner moved to strike the answer from the file, which motion was denied. The court found in accordance with respondents' contentions and entered judgment.

▮ The question of the propriety of filing the answer may be disposed of immediately. Petitioner contends that in a mandamus proceeding a party is not entitled as a matter of right to answer after demurrer to the petition is overruled. (*Private Investors* v. *Homestake Mining Co.* [*Homestake Mining Co.* v. *Superior Court*], 11 Cal.App.2d 488 [54 P.2d 535].) The question is clarified by the following extracts from that opinion (pp. 492, 493): ''The position assumed by the petitioners here is that 'as a matter of right' they were entitled to answer over after their demurrer was overruled, and, therefore, 'as a matter of right' they are entitled to a *supersedeas*. Petitioners are wrong in both instances. There is no absolute right to answer over in any civil case. Section 472 of the Code of Civil Procedure provides: 'A demurrer is not waived by filing an answer at the same time; and when the demurrer to a complaint is overruled and there is no answer filed, *the court may, upon such terms as may be just, allow an answer to be filed.*' '' ''Section 472 of the Code, and section 67 of the Practice Act which preceded it, have been uniformly held to confer upon the trial court discretion to grant or deny leave to answer after a demurrer is overruled.'' It is clear that the emphasis should be placed on the words ''as a matter of right'' but in the present case the denial of the motion to strike the answer is the equivalent to permission that the answer be filed. The order granting permis-

sion is always subject to review, to be decided according to the particular circumstances of the case. In the Homestake decision, *supra*, (p. 494) the court said: ". . . the courts will always presume that another court acting within its jurisdiction has acted with judicial discretion. If the claim is made that such discretion has been abused, some showing must be made to rebut that presumption." In the present case it does not appear that the trial court abused its discretion.

The reason assigned for the refusal of the permit was that petitioner was conducting his business of distributing and delivering milk in a business district zone, whereas under the zoning laws of the city and county of San Francisco such business may be conducted only in a light industrial zone. Petitioner did not introduce evidence to the contrary, and this appeal might well be determined at this point except that other issues were raised by the petition—prejudice, etc.— upon which respondents proved that the milk was being distributed by petitioner in a truck falsely labeled; that containers had been refilled contrary to the provisions of the Agricultural Code of the State of California; that the milk was not processed or pasteurized at the place of business, and that on at least one occasion petitioner had been found guilty of violating section 486, *supra*. Evidence was introduced also that there are no proper facilities at petitioner's place of business for the washing and sterilization of cans and bottles. In short, it appears that in the conduct of the business petitioner had indulged in various unsanitary practices.

The practice of acquainting an applicant with only one of the grounds upon which his application is denied is not to be commended, for the reason that he is left in ignorance of how to meet expected requirements. If the application, however, could legally have been denied upon grounds other than those stated in the "refusal," evidence of such grounds should be introduced in addition to proof of the particular one upon which the refusal was formally based. The present case illustrates the point. The applicant was refused a permit on the ground that its business was conducted in a specified zone. Petitioner might have obviated this disqualification but still might have continued to conduct his business in an unsanitary manner in violation of the provisions of a statute or ordinance or board ruling. An unqualified applicant should not be given the right to conduct a business in an unauthorized manner merely because the administrative body has designated an illegal ground for its

206

refusal to issue a permit. In the present case the petitioner's claim that it was not accorded equal rights under the law with others engaged in the same business, furnishes an additional reason for the introduction of the character of evidence above referred to. The evidence tended to show other grounds sufficient to justify the refusal, including that of unsanitary conditions.

■ Section 486 requires an investigation of the statements in an application *and* of the sanitary facilities connected with the business. The issuance of the permit depends upon both factors. By way of negativing an allegation in the petition that respondents acted arbitrarily or capriciously, it was proper to show that the latter had made investigation, and to present the result thereof.

■ Petitioner claims that the action of respondents is an abridgment of its constitutional right. There is a fundamental distinction between the facts in *Yick Wo* v. *Hopkins,* 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220], where a license to conduct a laundry was refused a Chinese and under similar circumstances given Caucasians, and those herein. In both cases there appears a lack of consent or approval by a duly constituted legal body. In the Yick Wo case there was no evidence that petitioner had not complied with all legal regulations as had Caucasians to whom permits were granted, except in the matter of operating without a license. In the present case, there is no evidence that a permit was ever granted a Caucasian conducting a milk business in an unsanitary manner or under a false label. Petitioner did not introduce any evidence that there was any prejudice against it because its members were of Oriental extraction.

■ The final contention of petitioner is that under the definition of ''distributor'' in California Agricultural Code, division 4, chapter 10, article 1, section 735.3, subdivision (f), the authority of respondents is limited to the granting of permits to any one who is a producer handling fluid milk, etc., and who holds a distributor's permit issued by the Agricultural Department of the State of California. The licenses issued under the terms of the Agricultural Code for the·milk industry ''are in addition to any and all licenses . . . or any law or ordinance of any county or municipality of this State.'' (Sec. 737.5.)

The findings of fact are supported by the evidence and they in turn support the judgment, which is hereby affirmed.

Peters, P. J., and Knight, J., concurred.